**CONTINENTAL INS. CO. et al. v. UNITED STATES.**

No. 176, Docket 22243.

United States Court of Appeals Second Circuit.

Argued March 3, 1952.

Decided April 2, 1952.

Bigham, Englar, Jones & Houston, New York City, John W. R. Zisgen, New York City, of counsel, for libellants-appellants.

Myles J. Lane, U. S. Atty., by Irving L. Evans, New York City, for respondent-appellee.

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

PER CURIAM.

The appellant states correctly that "the sole issue presented by this appeal is whether the test of the discharge assemblies at Baltimore, described above, was a proper and adequate test of the sufficiency of these assemblies to withstand water

1. Crockett v. United States, 9 Cir., 136 F.2d 11; Sinclair Refining Co. v. Tompkins, 5 Cir., 133 F.2d 198.

pressure from without the ship; *i. e.* whether respondent had exercised due diligence to make the assemblies seaworthy." There is no dispute of fact: *i. e.* as to what the actual test was of the "discharge assemblies at Baltimore"; the only question is whether that test constituted "due diligence"; and that issue is not of fact, for it involves setting the standard of care which the situation demanded. Although it is left to juries in actions tried to a jury, upon appeal from the decision of a judge we treat it as a question of law.[1] The test was by driving four tapered wooden plugs from outside through four openings in the skin of the ship, and then filling with water drainage pipes, two leading from the galley and two from the officers' water closets. The pipes led to the outlets and the plugs held the water in the pipes and set up a pressure greater than any pressure from the outside, because the waterline of the ship was always below either the galley or water closets. The damage to the cargo was caused by sea water, which could have entered only between the "bosses" or "dou-blers" welded to the inside of the skin of the ship at the outlets and the "flanges" in which the "elbows" of the discharge pipes ended. However, if a wooden plug filled the mouth of a "flange," as well as an outlet, no water coming down that pipe would pass beyond the "flange," or enter into the space between it and the "boss" or "doubler." The test in that event would be useless; but, if the plug did not block the mouth of the "flange," the test was adequate.

■ The witness to the test said that he took one of the plugs and found, as he illustrated in a rough sketch, that it left open the mouth of its "flange." Since the judge presumably accepted this testimony and, as we have just said, as to that pipe such a test was adequate, a majority of the court think that "due diligence" did not demand that the witness should take out the other three plugs, but that he might accept the one he did take out as a proper sample of the other three. That being so, the decree must be affirmed.

Decree affirmed.

1. Sidney Blumenthal & Co., Inc., v. Atlantic Coast Line R. Co., 2 Cir., 139 F.2d 288, 290; Great Atlantic & Pacific Tea Co. v. Lloyd Brasileiro, 2 Cir., 159 F.2d 661, 665.